UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DARREN BRADFORD YANCEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:20-cv-00728-NCC |
| ) | |
| CALLAWAY COUNTY JAIL ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on initial review of self-represented plaintiff Darren Bradford Yancey's prisoner civil rights complaint pursuant to 28 U.S.C. § 1915. For the reasons discussed below, the Court will transfer this action to the United States District Court for the Western District of Missouri.

### Background

Plaintiff is an inmate currently incarcerated at the Tipton Correctional Center in Tipton, Missouri. He brings this action pursuant to 42 U.S.C. § 1983, naming the Callaway County Jail as the sole defendant. (Docket No. 1 at 2). In the complaint, plaintiff accuses defendant of failing to protect him from an attack that took place on January 4, 2020, and then denying him proper medical care. (Docket No. 1 at 3, 5). As a result of this alleged assault, plaintiff states he suffered from cranial lacerations, head trauma, hearing loss, and vision trouble. (Docket No. 1 at 4). Plaintiff is seeking unspecified monetary damages. (Docket No. 1 at 7).

### Discussion

As noted above, plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging that the Callaway County Jail failed to protect him from an assault, and also denied him proper medical

care. However, plaintiff has not demonstrated that venue is proper in this Court. Venue over civil actions properly lies only in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

28 U.S.C. § 1391(b). If venue is improper, the Court must either dismiss the action or, in the interest of justice, transfer the action to the proper district. 28 U.S.C. § 1406(a).

In the instant case, venue properly lies in the Western District of Missouri. Plaintiff's claim concerns an alleged assault and denial of medical care that occurred at the Callaway County Jail in Fulton, Missouri. The Callaway County Jail is in Callaway County, which is in the Central Division of the Western District of Missouri. *See* 28 U.S.C. § 105(b)(4). Thus, the events giving rise to the complaint took place in the Western District. Moreover, the named defendant is also located in the Western District. Nothing in the complaint gives any indication that any part of plaintiff's case occurred in the Eastern District of Missouri.

Because plaintiff has named a county jail as the only defendant, and because a county jail is not subject to suit, plaintiff likely will have to amend his complaint to avoid dismissal. Nonetheless, since plaintiff is proceeding as a self-represented litigant, and since he has raised a serious claim, the Court will transfer this matter to the United States District Court for the Western District of Missouri.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall transfer this case to the United States District Court for the Western District of Missouri. *See* 28 U.S.C. § 1406(a).

Dated this 3rd day of September, 2020

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE